UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BROWN, SR., | ) 1:07-CV-01375-LJO-SMS |
| Plaintiff, | ) ORDER DISCHARGING ORDER TO SHOW<br>) CAUSE (DOCS. 5, 16) |
| v. | ) ORDER GRANTING PLAINTIFF AN<br>) EXTENSION OF TIME TO JULY 5, |
| MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security, | ) 2008, TO FILE PLAINTIFF'S OPENING<br>) BRIEF |
| Defendant. | ) INFORMATIONAL ORDER TO PLAINTIFF<br>) AND PLAINTIFF'S COUNSEL |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying an application for benefits. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b) and Local Rule 72-302(c)(15).

Because Plaintiff has responded to the Court's order to show cause, which issued on May 20, 2008, and further has set forth facts demonstrating an excuse for Plaintiff's failure to file a timely opening brief, the order to show cause that issued from this Court on May 20, 2008, IS DISCHARGED.

1  Further, pursuant to the agreement of the parties and the
2 request of Plaintiff contained in the declaration in response to
3 the order to show cause, Plaintiff IS GRANTED an extension of
4 time to file the opening brief no later than July 5, 2008.
5  Finally, the Court takes judicial notice of the docket in
6 Shafer v. Astrue, 07-cv-1284-LJO-SMS, and notes that counsel for
7 Plaintiff has twice tendered the same reasons for failing to file
8 a timely opening brief, namely, failure to schedule accurately
9 the dates set forth in the Court's scheduling order.
10  Although the Court is mindful of the service rendered by the
11 Social Security bar, the Court INFORMS Plaintiff and Plaintiff's
12 counsel that a failure to comply with an order of the Court may
13 result in sanctions, including dismissal, pursuant to the
14 inherent power of the Court or the Federal Rules of Civil
15 Procedure. Fed. R. Civ. P. 41(b), 11; Local Rule 11-110; Chambers
16 v. NASCO, Inc., 501 U.S. 31, 42-43 (1991). Local Rule 11-110
17 provides that a failure of counsel or of a party to comply with
18 the Local Rules or with any order of the Court may be grounds of
19 imposition by the Court of any and all sanctions authorized by
20 statute, rule, or within the inherent power of the Court. A Court
21 may impose monetary sanctions, payable to the Court, in the
22 nature of a fine pursuant to the Court's inherent powers where
23 the Court finds that the offending conduct was undertaken in bad
24 faith. Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir.
25 1989). Monetaryسanctions may be imposed for violation of a local
26 rule upon a finding of conduct amounting to recklessness, gross
27 negligence, or repeated unintentional flouting of court rules.
28 Id. at 1480. Sanctions should not be imposed without giving

counsel notice and an opportunity to be heard. Miranda v. Southern Pacific Transp. Co., 710 F.2d 516, 522-23 (9th Cir. 1983). Dismissal, however, is appropriate where lesser sanctions are ineffective and thus unavailable. Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

IT IS SO ORDERED.

**Dated:   June 4, 2008**                             /s/ Sandra M. Snyder
                                                     UNITED STATES MAGISTRATE JUDGE