# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BROWN, SR., | CASE NO. 1:07-cv-01375-LJO-SMS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING THE COURT GRANT PLAINTIFF'S MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | (Doc. 29) |

Plaintiff moves the Court to grant attorneys' fees of $9,400 under 42 U.S.C. § 406(b). Defendant Commissioner has taken no position regarding Plaintiff's request. Having reviewed the motion and its supporting documentation, as well as the case file, the undersigned recommends that the District Court award the requested attorneys' fees.

## I.     Legal and Factual Background

On September 19, 2007, Plaintiff filed a complaint in this Court appealing Defendant's denial of his application for disability insurance benefits. By a judgment entered May 1, 2009, this Court remanded the matter for further administrative proceedings pursuant to 42 U.S.C. § 405(g).

On July 2, 2009, Plaintiff entered into a contingent fee agreement with his attorney, Robert Ishikawa, for payment of twenty-five percent of his past due benefits in the event of the favorable outcome of Plaintiff's application for benefits. On July 6, 2009, the parties stipulated to attorneys' fees of $3500.00 under the Equal Access to Justice Act (EAJA).

1  On April 13, 2010, the agency notified Plaintiff of the award of monthly disability
2  benefits beginning in August 2004.  The agency withheld twenty-five per cent of Plaintiff's past
3  due benefit ($23,197.13) for payment of attorneys' fees.  Plaintiff moved for attorneys' fees
4  pursuant to 42 U.S.C. § 406(b) on May 24, 2010.

5  Despite the contingent fee agreement, Plaintiff seeks attorneys fees of $9400.00 for 23.5
6  hours of work, which represents an effective fee of $400.00.[1]  Net of the prior EAJA award of
7  $3500.00, Plaintiff requests attorneys' fees totaling $5900.00.

8  **II.**   **Discussion**

9  > Whenever a court renders judgment favorable to a claimant under this subchapter
   > who was represented before the court by an attorney, the court may determine and
10 > allow as part of its judgment a reasonable fee for such representation, not in
   > excess of 25 percent of the total of the past-due benefits to which the claimant is
11 > entitled by reason of such judgment . . . . .

12  42 U.S.C. § 406(b)(1(A).

13  The Court must review contingent-fee arrangements "as an independent check, to assure
14  that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807
15  (2002).  Section 406(b) "instructs courts to review for reasonableness" fees yielded under
16  contingent fee agreements, taking into account both the character of the representation and the
17  results achieved.  *Gisbrecht*, 535 U.S. at 808.  Congress has provided a single guideline:
18  Contingency agreements are unenforceable to the extent that they provide for fees in excess of
19  twenty-five per cent of past-due benefits.  *Id.* at 807.  Within the twenty-five percent corridor, the
20  attorney for a successful claimant must demonstrate that the fee is reasonable for the services that
21  he or she provided.  *Id.*

22  "[D]istrict courts generally have been deferential to the terms of contingency fee contracts
23  in § 406 (b) cases."  *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D.Cal. 2003).  Attorneys
24  who agree to represent claimants pursuant to a contingent fee agreement assume the risk of
25  receiving no compensation for their time and effort if the action does not succeed.  *Id.*  Here,
26  Robert Ishikawa accepted substantial risk of loss in representing Plaintiff, whose application had

27
28      [1] Plaintiff intends to request additional attorneys' fees from the agency.

already been denied at the administrative level. Plaintiff agreed to the contingent fee. Working efficiently and effectively, his attorney secured the award of substantial benefits to Plaintiff.

**III.     Conclusion and Order**

Accordingly, the undersigned recommends that the District Court grant Plaintiff's petition for attorneys' fees of $9400.00, net of the previously awarded fee of $3500.00 under the Equal Access to Justice Act (EAJA), for a total amount of $5900.00.

These Findings and Recommendations will be submitted to the Honorable Lawrence J. O'Neill, the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that, by failing to file objections within the specified time, they may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **November 19, 2010**              /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE